UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RKI Construction, LLC,

Plaintiff,

     -against-

WDF, Inc.; Liberty Mutual Insurance Company;
Andron Construction Corp.; Travelers Casualty
and Surety Company of America,

Defendants,

     -against-

Citizens Insurance Company of America,
Leroy Kay and Alice Kay,

Additional Defendants on the
Counterclaims.

------------------------------------------------------------ X

**ORDER**
14-CV-1803 (KAM) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

     As outlined in the Court's 1/8/2016 Order denying the motion for an extension of time to complete discovery, Defendant WDF requested an extension of the discovery schedule, ECF [67, 74], which Plaintiff RKI and Third-party Defendant Citizens' opposed, ECF [68, 69]. At ECF [77], WDF moves for reconsideration of the motion, making several arguments not previously raised in support of its motion for an extension of time to complete discovery. For the reasons explained below, the motion for reconsideration is denied.

     To the extent that WDF's motion at ECF [77] is also a motion to permit WDF to submit a rebuttal expert report, the Court will grant WDF the opportunity to serve by 3/10/2016 a rebuttal expert report solely to respond to the Citizens' expert report because the strategic and analytical errors of WDF's counsel in confusing an affirmative expert report with a rebuttal expert report

1

need not be visited on WDF itself; and because the proposed rebuttal report would not be served very late, in light of both the November 2015 service of the Citizens' expert report and the summary judgment briefing schedule that was recently set by the District Judge, ECF [2/12/2016 Order]. RKI and Citizens may depose WDF's expert by 3/24/2016. Because WDF's failure to comply with the Court's scheduling orders and late requests for an extension have cost Citizens and RKI significant unnecessary expenditure, and were not substantially justified, as a discovery sanction pursuant to FRCP 37(b)(2)(C), WDF must pay for the reasonable expenses incurred by RKI and Citizens, which are the attorneys' fees for making the submissions in opposition to WDF's motions about the proposed expert report, the court reporting costs of any deposition of WDF's expert, and the WDF's expert's fees for appearing at the deposition.

As to the denial of the motion for reconsideration, in brief, in support of its request, WDF argues that should the factfinder need to reach the question of whether WDF's costs for completing the RKI job were reasonable, WDF would wish to offer an expert to support its reasonableness claim, in part because Citizens intends to offer an expert to contest the reasonableness of WDF's claimed completion costs. (Whether the reasonableness question needs to be reached is in part the subject of the summary judgment motion that the parties are in the process of briefing. ECF [2/12/2016 Order].) In its 1/12/2016 motion for reconsideration, ECF [77], WDF argues as follows:

1) It apologizes for failing to explain its claim that it will suffer severe prejudice if it cannot offer an expert to rebut Citizens' expert.

2) It then claims that if it prevails on the issue of the termination of RKI, "it will have to justify why it was necessary to incur the costs it incurred in order to complete RKI's subcontract work."

3) It claims that without a WDF expert to testify, a trier of fact would be "left with a false impression that there is no expert witness willing to testify that WDF's completion costs are reasonable."

4) It argues that its requests for an extension of time to complete discovery were timely because it only realized that it needed an expert in mid-November 2015; it participated in mediation in early December, which failed; in mid-December, it informed the Court that it would "likely be making an application seeking additional time to designate an expert"; and it needed a Citizens' witness's late December deposition testimony so that WDF's expert could know whether there had been a Citizens' replacement contractor who had been ready to perform the completion work.[1]

These explanations are unavailing and do not satisfy the standard for reconsideration, as the Court did not overlook controlling decisions or factual matters that were put before it. Local Rule 6.3. As to the first argument, although the Court notes counsel's acceptance of responsibility for failing to explain the justification for its motion in its initial filings, this is not a sufficient ground on which grant relief. In fact, it is essentially an admission that to the extent WDF's request is for reconsideration, it does not meet the Local Rule standard.

As to the third argument, this case will be tried in a bench trial so there is no likelihood that the factfinder would be influenced by a misimpression as to the availability of an expert. Instead, the factfinder will make a decision based on the evidence provided.

As to the fourth argument, three points should be noted. First, although WDF may have decided not to spend funds on an expert prior to mediation, which may have been a reasonable decision, WDF did not and does not offer a sufficient explanation for not timely requesting

---

[1] In WDF's appeal of the Court's 1/8/2016 Order, WDF offers an expanded explanation for its delay in designating an expert. ECF [81] at 5, 9.

additional time for expert discovery after the failed mediation, particularly when the pre-mediation request for an extension of the discovery schedule and WDF's mid-December letter to the Court confirmed that WDF was well aware of the fast approaching close-of-discovery date. ECF [64, 65, 10/30/2015 Order, 66]. Second, WDF has sometimes argued that it needed the deposition of a Citizens' representative alone, and at other times, it has argued that it needed the deposition of both a Citizens' representative and a Citizens' expert. ECF [77, 70] (at [70], discussing deposing Citizens' <u>witnesses</u>, when only a Citizens' representative and a Citizens' expert remained to be deposed). As to WDF's argument about the need to depose Citizens' <u>expert</u> witness prior to the WDF expert preparing a report in order to avoid a <u>Daubert</u> challenge, as Citizens points out in its 1/13/2016 letter, ECF [78], this argument would upend any reasonable Rule 26 planning efforts and <u>Daubert</u> expectations because affirmative expert reports are usually issued prior to expert depositions. Third, WDF claims that its expert on the reasonableness of its costs needed the deposition of Citizens' <u>fact</u> witness who was expected to testify about whether Citizens had provided a substitute contractor available to finish the RKI work. ECF [67] at 2. This argument is not persuasive because the assessment of reasonableness of WDF's costs would turn on project-completion decisions made based on information that was known or on decisions that could have been made based on information that should have been known to WDF about possible substitute contractors to finish the RKI work. Reasonableness would not turn on whether Citizens had identified a substitute contractor if Citizens had not provided that information to WDF during the relevant time period; if Citizens had provided it, then the information would already have been in WDF's possession and the Citizens' representative's deposition was not necessary for the preparation of a WDF expert report that took the information about a Citizens-proposed contractor into account. Thus, as Citizens noted,

4

"WDF could not conceivably require the deposition of Citizens' expert to educate WDF as to its own costs to complete a subcontract." ECF [79] at 1 (emphasis in the original). Moreover, it is not evident from the record whether an expert is even necessary to establish reasonableness, as that is usually a question left to a factfinder, not an expert.

This leaves WDF's second argument, which is that at trial, it needs to be able to explain the alleged reasonableness of its costs. The primary question is how WDF intends to go about offering such evidence, which is a question that WDF has failed to analyze with precision. What is clear from the cumulative submissions requesting additional time to prepare an expert report is that WDF has failed to distinguish between offering an expert witness in its own case-in-chief in order to meet its burden of proving the reasonableness of its costs and offering an expert witness to rebut the Citizens' report. Even in its reconsideration submission, WDF shifts between describing its proposed expert as needed to establish the reasonableness of its costs, ECF [77] at 2, and as needed to rebut Citizens' expert who proposes to challenge WDF's claim of reasonableness, ECF [77] at 3. This difficulty appears to have arisen from WDF's initial strategic calculation that it did not need to offer an expert on reasonableness of its costs, although WDF admits that at trial, it will have the burden of proof as to reasonableness, and by failing to revisit the expert question until December, although Citizens disclosed its expert in October and served its report in November. WDF compounded this error by WDF failing to inform Citizens or the Court that it wished to offer any expert until its late December letter, and by failing to request an extension of discovery in its mid-December letter to the Court. WDF's strategic error morphed into an analytical error when WDF vacillatingly described its expert as one necessary to prove its case, and as one needed for rebuttal purposes.

5

Given this analytical failure, in its initial submission and continuing in its motion for reconsideration, WDF has not satisfactorily explained why its failure to offer an initial expert was substantially justified or that it was harmless. As noted in the 1/8/2016 Order, RKI and Citizens would be prejudiced if WDF were permitted to offer an affirmative expert as to reasonableness at this late stage of the litigation after months of having stated that it did not intend to have an expert. Id. ("Rather, the other parties which have litigated this case on the understanding at least since June 2015 that WDF was not going to offer an expert would be prejudiced by the proposed change in WDF's litigation tactic at this stage."). Thus, the motion for reconsideration is denied.

Nonetheless, in its most recent submission, WDF has for the first time provided some analysis as to why a rebuttal expert should be allowed. In this submission, for the first time, WDF describes the aspects of Citizens' report that it wishes to rebut, namely the particulars of WDF's costs and the methodology of Citizens' expert. Given the inclusion of these facts in the submission, the Court will read WDF's motion for reconsideration liberally and construe it also as a motion to permit a late rebuttal expert report. That request is granted in that WDF may respond only to the Citizens' expert report. As stated above, granting this request will not prejudice the other parties because the request is not extraordinarily late and because the District Court is permitting briefing for a summary judgment motion focused on the RKI termination question. Moreover, unlike a moving expert report which RKI and Citizens could not have anticipated given WDF's repeated confirmations that it would not have an expert, Citizens' service of a report in November opened up the possibility of a rebuttal expert being offered by WDF. RKI and Citizens are not prejudiced by the service of a rebuttal report generally, although the timing of WDF's requests and preparation of the report has cost them unnecessary time and

6

effort. As a discovery sanction, for conduct that was not substantially justified, WDF must pay the reasonable expenses incurred by RKI and Citizens because of the motion practice and delay, which are the attorneys' fees for making the submissions in opposition to WDF's motions about the proposed expert report, the court reporting costs of any deposition of WDF's expert, and the WDF's expert's fees for appearing at the deposition.

The parties are encouraged to discuss an agreement as to the payment of the sanction. If they cannot, after the expert's deposition and by 4/1/2016, they are to make a joint submission to the Court for an order as to the amount of the sanction to be paid by WDF to RKI and Citizens.

In light of this decision, by 3/3/2016, WDF is to inform the District Court whether it wishes to pursue its appeal at ECF [81]. If it does, it may supplement the appeal by 3/3/2016. The other parties may supplement their oppositions by 3/10/2016.

In consultation with the Chambers of the District Court, the summary judgment briefing schedule is extended as follows: Citizens and RKI to serve their motion by 3/28/2016; WDF to serve its opposition by 4/28/2016; and reply papers to be served by 5/12/2016.

Dated: Brooklyn, New York
February 25, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge