```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RKI CONSTRUCTION, LLC,

                Plaintiff,                    MEMORANDUM AND ORDER
                                              14-cv-1803 (KAM) (VMS)
-against-

WDF INC.;
LIBERTY MUTUAL INSURANCE CO.;
ANDRON CONSTRUCTION CORP.;
TRAVELERS CASUALTY AND SURETY CO. OF
AMERICA,

                Defendants.

-against-

CITIZENS INSURANCE CO. OF AMERICA;
LEROY KAY; and
ALICE KAY

                Additional Defendants
                on the Counterclaims
----------------------------------------X
```
**MATSUMOTO, United States District Judge**:

WDF Inc. has sought this court's review of Magistrate Judge Scanlon's decision imposing monetary sanctions under Fed. R. Civ. P. 37 for (1) WDF's failure to comply with discovery scheduling orders and (2) WDF's late requests for an extension of discovery. (See ECF No. 90, at 2.)

"Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

After the discovery period was extended at least four times to ultimately total more than 17 months (*see* 1/8/2016 Order), after WDF confirmed with the court as recently as June 2, 2015 that WDF did not anticipate any expert discovery (*see id.; see also* ECF No. 49), and with only three days remaining before the close of all discovery at the end of 2015, WDF requested an extension of discovery on December 28, 2015. (ECF Nos. 67, 74.) WDF sought the extension in order to designate an expert, prepare and serve an expert report, and give other parties time to depose the expert. (*Id.; see also* 1/8/2016 Order.) The magistrate judge ultimately permitted WDF to submit a belated rebuttal expert report, but imposed sanctions on WDF for WDF's "failure to comply with the Court's scheduling orders and late requests for an extension." (ECF No. 90.)

WDF essentially argues in its letter brief, which includes no citation to any authority, that it did not *directly* violate a court order:

> WDF did not fail to comply with any order of this Court with respect to the designation of an expert, or with respect to its request for an extension of the discovery schedule, and did not make an untimely application for same.

(ECF No. 81.) After a careful inspection of the record in this case, the court disagrees.

At the initial discovery conference, on July 29, 2014, the magistrate judge issued an order requiring that expert reports

2

be completed on or before February 20, 2015, with rebuttal reports due on March 20, 2015 and expert depositions completed by April 27, 2015.[1] (ECF No. 23.) The deadline for expert discovery was later pushed to June 26, 2015. (1/15/2015 Scheduling Order.) The parties subsequently sought multiple extensions that were granted. (ECF Nos. 50, 54, 61, 8/21/2015 Order.) On August 21, 2015, the court stated that all discovery must be completed by October 30, 2015. (8/21/2015 Order.) On October 14, 2015, the parties consented to a limited extension of discovery that permitted Citizens to provide expert disclosure on or before November 16, 2015 and produce its expert witness for a deposition on or before December 4, 2015. (10/14/2015 Scheduling Order.) In the same October 14, 2015 order, the court explicitly stated that "[a]ll other deadlines remain." (*Id.*)

On October 29, 2015, the parties sought a 60-day extension of the discovery schedule to permit the parties to "resolve this matter at a mediation scheduled for December 4, 2015 without having to incur the costs of further litigation." (ECF No. 65, Joint Motion for Extension of Time to Complete Discovery.) WDF, which drafted the October 29, 2015 letter on behalf of all parties, specifically carved out an exception to the requested 60-day extension: "The parties are *not seeking an extension of the*

---

[1] Although the magistrate judge's July 29, 2014 scheduling order refers to the expert deposition completion date as "4/27/2014," the court presumes this was a typographical error, since the order itself was issued months after that date.

3

*November 16, 2015 deadline for expert disclosure* set in the Court's October 14, 2015 Scheduling Order." (*Id.* (emphasis added)) The court granted the parties' request for an extension of time to complete discovery until December 31, 2015. (10/30/2015 Order.) On December 16, 2015, WDF first notified the court that "WDF . . . anticipates that it will be making an application seeking additional time to designate an expert." (ECF No. 66.) As noted earlier, on December 28, 2015, with three days before the close of all discovery, WDF formally requested additional time to designate an expert. (ECF No. 67.) WDF did not notify the court that it had retained an expert until January 8, 2016, and indicated that its expert would prepare his report by "early-February 2016." (ECF No. 74.)

Given WDF's representation in its October 29, 2015 letter, WDF specifically contemplated that the December 31, 2015 discovery deadline did *not* contemplate an extension for expert disclosure. (ECF No. 65.) WDF explained in the October 29, 2015 letter that the deadline for expert disclosure would remain November 16, 2015. (*Id.* ("The parties are not seeking an extension of the November 16, 2015 deadline for expert disclosure.")) WDF, as explained above, did not formally retain an expert until January 8, 2016, almost two months after the November 16, 2015 deadline that *WDF itself stated would remain in place*. (ECF Nos. 65, 74.) Even if the court were to construe WDF's December 16, 2015 letter

4

(ECF No. 66) as putting all parties on notice that it would in fact require an expert, WDF would still have been a month late in complying with the November 16, 2015 deadline for expert disclosure.

WDF therefore violated a court order when it did not designate an expert by November 16, 2015. The magistrate judge's order providing sanctions for failure to comply with a court order and for a late request for an extension to complete expert discovery was accordingly neither clearly erroneous nor contrary to law. The sanctions order (ECF No. 90) is accordingly AFFIRMED.

**SO ORDERED.**

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:

April 13, 2016
Brooklyn, New York